UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEXTER ROBERTSON,

    Plaintiff,

vs.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

    Defendants.

Case No. 1:11-cv-423

Spiegel, J.
Bowman, M.J.

**MEMORANDUM ORDER**

On June 27, 2011, Plaintiff filed a *pro se* complaint which appears to name the United States Environmental Protection Agency ("EPA"), Christina Thompson, an employee of the EPA, The Department of the Treasury, Suzanne Renda, an employee of the Treasury Department, and Financial Management Services Debt Mgt Services, a Bureau of the Treasury Department as Defendants. (Doc. 2). However, there is no indication from the record that the named Defendants have been properly served with a summons or with a copy of the complaint, within 120 days of the filing of the complaint, as required by Rule 4 of the Federal Rules of Civil Procedure.

Accordingly, on February 13, 2012, the Court ordered Plaintiff to show cause, in writing, within 20 days why the complaint should not be dismissed for failure of service. (Doc. 6). Specifically, the Court noted that it was unclear from the Complaint whether the two Federal agencies are being sued or if the two individuals are being sued or a combination thereof. Furthermore, the Court informed Plaintiff that he failed to properly serve the EPA and the Department of the Treasury in accordance with Rule 4(i). Notably,

actions against the United States must be served in accordance with Rule 4(i) of the Federal Rules of Civil Procedure.  Rule 4(i)(1) establishes the procedure for proper service on the United States: (1) deliver a copy of the summons and the complaint to the United States attorney for the district in which the action is brought and (2) send a copy of the summons and the complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C.  Fed. R. Civ. P. 4(i)(1)(A)-(B).  Additionally, service on an Agency of the United States, such as the Department of the Treasury, is effected by serving the United States in the manner prescribed by Rule 4(i)(1), and by also sending a copy of the summons and complaint by registered mail to the officer, employee, agency or corporation. Rule 4(i)(2)(A).

Plaintiff filed a response to the Court's show cause order on February 16, 2012, wherein he indicated that he intended to name the agencies, not the individual employees as Defendants in this action, and that he properly served the offices of EPA and the US Treasury Office.  (Doc. 7).  However, as detailed above, in order to properly serve those Defendants, Plaintiff must deliver a copy of the summons and the complaint to the United States attorney for the Southern District of Ohio <u>and</u> send a copy of the summons and the complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C.  Fed. R. Civ. P. 4(i)(1)(A)-(B).

As noted by the Court in its previous order, failure to properly effect service of process prevents this Court from exercising personal jurisdiction over the defendants even if they had actual notice of the lawsuit.  *Adams v. Allied Signal Gen. Aviation Avionics,* 74 F.3d 882, 885 (8th Cir. 1996);  *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976).  Unless plaintiff demonstrates good cause for his failure to effect service of process,

the Court may either dismiss the complaint without prejudice or direct that service of process be effected within a specified time. See Fed. R. Civ. P. 4(m); see also *Henderson v. United States,* 517 U.S. 654, 662-63 (1996); *Friedman v. Estate of Presser,* 929 F.2d 1151, 1155 (6th Cir. 1991) (discussing former Rule 4(j) now codified as Rule 4(m)).

Accordingly, in light of Plaintiff's *pro se* status and in the interests of justice, Plaintiff is herein granted an additional **fourteen (14) days** in which to properly effect service of process on the Defendants as described above. Plaintiff's failure to comply with the terms of this Order may result in a report and recommendation to the District Judge that Plaintiff's complaint be dismissed for failure of service.

**IT IS SO ORDERED**.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge