UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEXTER ROBERTSON,

        Plaintiff,

        vs.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

        Defendants.

Case No. 1:11-cv-423

Spiegel, S.J.
Bowman, M.J.

## REPORT AND RECOMMENDATION[1]

Plaintiff Dexter Robertson initiated this action by filing a *pro se* complaint against the United States Environmental Protection Agency ("EPA"), the Department of the Treasury ("Treasury"), Christina Thompson and Suzanne Renda ("Defendants") for violating 31 U.S.C. § 3711. (Doc. 2). Plaintiff's complaint arises out of an overpayment of wages and subsequent collection efforts. *Id.* This action is now before the Court on Defendants' motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure[2] (Doc. 15) and Plaintiff's responsive filing. (Doc. 17).

I. **Background and Facts**

In August 2005, Plaintiff left his employment with the EPA in the middle of a pay period. However, he was inadvertently paid as if he had worked the full pay period. (Doc. 2 at 4). Later in December 2005, Plaintiff received notice from the Treasury of the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] The Defendants also moved to dismiss under Fed. R. Civ. Pro. 12(b)(6).

debt incurred from the overpayment of wages. *Id.* Plaintiff asserts that he sent an email to the Treasury disputing the debt. Plaintiff alleges that he did not receive any response to his email and assumed the debt had been waived. However, in 2006, Plaintiff received a letter from a collection agency stating that he owed the US Government a past debt from the EPA office. *Id.* Notably, in 2005, the Treasury sold the debt to a collection agency and later that year reported the debt to a consumer reporting agency. (Doc. 2 at 5; *See also* Doc. 15 at 3).

The complaint further alleges that Plaintiff contacted the collection agency and agreed to make six monthly payments to satisfy the debt owed to the EPA. However, the report to the consumer reporting agency of Plaintiff's debt to the EPA left an adverse notation on Plaintiff's credit history that was not resolved until 2009. (Doc. 2 at 6).

Thereafter, in June 2011, Plaintiff filed the instant action against Defendants pursuant to 31 U.S.C. § 3711. Plaintiff's complaint seeks financial compensation for the pain and suffering he experienced as a result of the negative comments on his credit report arising out of the debt owed to the EPA. In response, the EPA and Treasury argue, *inter alia*, that 31 U.S.C. § 3711 does not establish jurisdiction and that the claims against them should be dismissed. The undersigned agrees, and for the reasons that follow, recommends that Defendants' motion to dismiss be granted.

II. **Standard of Review**

Plaintiff bears the burden of proving jurisdiction in order to survive a motion to dismiss on grounds of lack of subject matter jurisdiction. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003); *Michigan Southern R.R. Co. v. Branch & St. Joseph*

*Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002); *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).

Federal district courts are "not courts of general jurisdiction. They have no jurisdiction except as prescribed by Congress." *Graves v. Sneed*, 541 F.2d 159, 161 (6th Cir. 1976)(*citing, Lockerty v. Phillips*, 319 U.S. 182, 187 (1943)).

III. **Defendants' motion to dismiss is well-taken**

As noted by Defendants, the United States may not be sued without its consent and the "existence of consent is a prerequisite for jurisdiction." *Munaco v. United States,* 522 F.3d 651, 652-53 (6th Cir. 2008) (citing, *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). Here, Plaintiff's complaint asserts that his claims are before the Court pursuant to The Federal Claims Collection Act , 31 U.S.C. § 3711.

Notably, the Federal Claims Collection Act provides that "[t]he head of an executive, judicial, or legislative agency ... shall try to collect a claim of the United States Government for money or property arising out of the activities of, or referred to, the agency[.]" 31 U.S.C. § 3711(a)(1) (2000). Department of Justice regulations implementing section 3711 direct that "[e]ach Federal agency shall take aggressive action, on a timely basis with effective followup, to collect all claims of the United States for money or property arising out of the activities of, or referred to, that agency[.]" 4 C.F.R. § 102.1(a) (2000). However, nothing in 31 U.S.C. § 3711 creates a private right of action against the United States, its agencies or its employees. The underlying federal regulations specifically state that the statute "do[es] not create any right … enforceable at law or in equity" to a private party. *See* 31 C.F.R. § 900.8. Nor does 31 U.S.C. § 3711 provide for a waiver of sovereign immunity. *Id.*

Accordingly, Plaintiff cannot establish subject matter jurisdiction pursuant to 31

U.S.C. § 3711 against the Defendants.  As such, Plaintiff's claims should be dismissed,

pursuant to Fed. R. Civ. P. 12(b)(1).[3]

IV. **Conclusion**

For the reasons stated herein, **IT IS RECOMMENDED** that Defendants' motion

to dismiss (Doc. 15) be **GRANTED** and this matter be terminated on the active docket

of the Court**.**


 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[3] The Defendants also argue that Plaintiff's complaint fails to state a claim for relief under the Administrative Procedures Act ("APA") or the Federal Torts Claims Act ("FTCA").  The undersigned agrees.  Specifically, the APA does not create an independent basis for subject matter jurisdiction nor does it create a cause of action where none exists. *Califano v. Sanders*, 430 U.S. 99 (1977). Similarly, construing Plaintiff's complaint as asserting an intentional tort claim under the FTCA, such a claim is precluded by sovereign immunity. *See Singleton v. U.S.,* 277 F.3d 864 (6th Cir. 2002).  Additionally, if his complaint is construed as asserting a simple tort claim, the FTCA still precludes his claim because he failed to exhaust his available administrative remedies. *Id.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


DEXTER ROBERTSON,

        Plaintiff,                        Case No. 1:11-cv-423

        vs.                             Spiegel, S.J.
                                        Bowman, M.J.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

        Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).